## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

CYNTHIA L. SHEPTOW,

       Plaintiff,

v.

HOMESTAKE AT VAIL CONDOMINIUMS ASSOCIATION,

       Defendant.

---

## COMPLAINT AND JURY DEMAND

---

COME NOW Plaintiff, CYNTHIA L. SHEPTOW ("Sheptow"), through counsel, and files her complaint against Defendant, HOMESTAKE AT VAIL CONDOMINIUM ASSOCIATION ("Homestake"), and for grounds allege:

1.     Plaintiff, Cynthia L. Sheptow, is an individual whose address is 820 N.E. Revere Avenue, Bend, Oregon 97701.

2.     Defendant, Homestake at Vail Condominiums Association, is a Colorado nonprofit corporation with its principal place of business at 1081 Vail View Drive, Unit B-102, Vail, Colorado 81657.

3.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 by virtue of the fact that the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a) as the causes of action that are the subject matter of Plaintiff's Complaint occurred in the State of Colorado.

5.      Pursuant to C.R.S. § 13-21-115(1), Homestake is the landowner of the Homestake at Vail Condominiums premises at 1081 Vail View Drive, Vail, Colorado 81657.

6.      Homestake is responsible for the care and upkeep of the property and common areas of the Homestake at Vail Condominiums.

7.      Sheptow rented one of the condominiums at Homestake at Vail in 2015.

8.      On March 29, 2015, Sheptow taking her garbage to the dumpster provided by Homestake. After walking up three (3) flights of stairs she walked out on the landing where her ankle twisted on a diagonal step and fell.

9.      As a result of this incident, Sheptow broke her ankle which resulted in surgery having to be performed on it.

10.     As a landowner owner of the premises where Ms. Towns fell, Defendant owed a duty to monitor its premises to determine if there were any hazardous conditions in and around the premises which could cause harm to the occupants or others.

11.     Defendant also had a duty warn about any hazardous conditions and to repair any areas which could cause injuries to others.

12. Defendant failed to monitor the condition of the pavement, warn of hazardous areas and/or repair the pavement before Plaintiff fell. Defendant's failure to monitor, warn and/or repair the area where Plaintiff fell constitutes negligence on the part of Defendant and makes Defendant liable for all Plaintiff's injuries and damages.

13. C.R.S. §13-21-115(3)(c) provides that an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known.

14. On the date Sheptow was injured at the Homestake at Vail Condominiums, Plaintiff's status on the premises was an invitee, as that term is defined by Section 13-21-115(5)(a).

15. On the date and time when Plaintiff was injured, Defendant's unreasonably failed to exercise reasonable care to monitor its premises, warn of and or repair hazardous areas that created an unreasonably dangerous condition of which Defendant knew or should have known.

16. Defendant's failure to exercise reasonable care is the proximate cause of the Plaintiff's ankle injury and damages.

17. In addition to her physical injuries, the Plaintiff has endured pain, suffering and inconvenience, as well as mental stress and anxiety accompanying her injuries. As a direct and proximate result of Plaintiff's injuries, she has incurred significant medical expenses, has suffered in the past and will continue to suffer in the future, has lost wages and has lost enjoyment of life. The amount of such damages will be determined at trial.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant in an amount to be determined at trial that will fairly compensate Plaintiff for her physical injuries, her pain, suffering and inconvenience, her expenses for past and future medical treatment and lost wages, plus costs, pre- and post-trial interest as accrued from the date of the incident, and for such other and further relief as to the Court deems just and proper under the circumstances.

Plaintiff further demands a jury trial on all issues so triable.

Dated this 27th day of March, 2017.

                                      Respectfully submitted,

                                      */s/ Janice C. Orr*
                                      Janice C. Orr, #40034
                                      Law Office of Janice C. Orr, P.C.
                                      730 17th Street, Suite 340
                                      Denver, CO 80202
                                      (303) 825-0377 (phone)
                                      (303) 407-2400 (fax)
                                      janice@r2jcenter.com
                                      Attorney for Plaintiff Cynthia L. Sheptow